JUAN SEGARRA, Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1498. Argued December 21, 1942.—Decided December 23, 1942.

*Attorney General, R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for the People.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a certiorari proceeding instituted by Juan Segarra against the District Court of Mayagüez seeking the annulment of the orders issued by said court denying the dismissal of prosecutions Nos. 12699, 12700, 12701, and 12702, filed against petitioner, the first three for false representation and the last for embezzlement.

From an examination of the record it appears that after the petitioner was sentenced by the Municipal Court of Mayagüez for three offenses of false representation and one for embezzlement, he appealed to the district court, filing the record thereof on October 21, 1942;

.That in each one of said cases the defendant on the same day, October 21, 1942, filed a motion which in its pertinent part reads as follows:

"1. That the defendant Juan Segarra has a right to a speedy trial pursuant to the constitutional provision which protects him;

"2. That . . . he prays this Hon. Court to set this case for trial according to the provisions of the Code of Criminal Procedure of Puerto Rico."

That at the foot of each motion there appears an order reading as follows:

"In view of the foregoing motion, November 23, 1942, was set for the trial of this case at 9:00 A. M."

That on November 23, 1942, the court rendered an order in each one of the cases thus:

"Having failed to serve notices on the defendant and the witnesses, the court sets Tuesday, December 1, 1942, at 9:00 A. M. for the trial of this case."

That on the following day, November 24, 1942, the defendant filed a motion seeking the dismissal of the four prosecutions which reads as follows:

"2. That on the same day that the records . . . reached . . . this court, the defendant . . . moved . . . to have this case set as provided by the Code of Civil Procedure of Puerto Rico;

"3. That this Hon. Court did not set his case for hearing within the ten days fixed by subdivision 5 of §29 of the Code of Criminal Procedure of Puerto Rico, 1935 ed., but on the contrary, this court set the case for trial on December 1, 1942, after the expiration of the statutory period.

"And now the defendant moves that . . . this Hon. Court order the dismissal of this case."

And the motion was decided on November 25, 1942, as follows:

"According to the question raised the court understands that the period of ten days to which subdivision 5 of §29 of the Code of Criminal Procedure of Puerto Rico, 1935 ed., refers expired on

October 31, 1942, which was a Saturday. Since this is not a working day, according to rule No. 49 of the regulations authorized by the Civil Service Commission of Puerto Rico and approved by the Hon. Governor of Puerto Rico on May 7, 1942, and promulgated by him in a proclamation contained in administrative bulletin No. 780, and inasmuch as November 1, 1942, was a Sunday, a holiday in Puerto. Rico, and since the judge presiding in this court was absent from this judicial district on November 2, 1942, according to law said period of ten days really expired on November 3, 1942, that is, on the first working day that the court had after Saturday, Sunday and the day on which the presiding judge was absent had elapsed. This being so, the court believes that the date set for trial in these cases was within the ten working days after the record were received in the office of the clerk of this court, that is, within the term fixed by subdivision 5 of §29 of the Code of Criminal Procedure for which reason the motions for dismissal filed by the defendant are hereby denied.''

The fundamental question involved is not novel in this court. It was decided in the case of *Fontaine* v. *District Court*, 57 P.R.R. 136, as follows:

''Petitioners invoke the aid of a writ of certiorari to review the alleged failure of the District Court of Bayamón promptly to set for hearing an appeal from the Municipal Court of Bayamón. . .

''The transcript of record reached the District Court of Bayamón on the 30th of January 1940. On the first day of February immediately following, alleging their right to a speedy trial, petitioners moved that the trial of their case be set in accordance with the provisions of the Code of Criminal Procedure. The District Court of Bayamón on the 8th of March 1940, set the case for the 26th of March 1940. Reciting the foregoing facts, petitioners, on the 13th of March 1940, in the District Court of Bayamón moved that the case be dismissed and filed away. The court overruled the motion.

''Section 29, paragraph 5, of the Code of Criminal Procedure (1935 ed.) provides:

'' '*Fifth.*—The justice of the peace shall, within five days, transmit the record to the district court, which court, within ten days after its receipt, shall set the day for the trial of the case, and shall issue summons for the prosecuting attorney and for the defendant. New evidence may be introduced at the trial, and such evidence as

may have been refused or admitted by the justice of the peace may be reproduced. The court shall definitely decide as to the admission of such evidence, and shall consider it and hear the parties to the case, and within two days thereafter shall render final decision, either convicting or acquitting the defendant, ordering the release of the defendant in case of acquittal.'

"Thereunder this court held in *People* v. *Acosta*, 40 P.R.R. 451, citing *People* v. *Cardona*, 36 P.R.R. 556 and *People* v'. *Rodríguez Alberty*, 39 P.R.R. 542, that the two-day period for deciding a case in the district court, on appeal, was imperative. In a later decision we held that the period of ten days was not self-operative, but that the appellant must take measures to have his case set. *People* v. *Rivera*, 46 P.R.R. 228. Here the petitioners have done everything in their power to have the prompt trial to which they are entitled by virtue of the said section and the order of March 13, 1940, must be overruled and the action against petitioners dismissed and filed away."

The ten days within which the case should have been set expired on October 31, 1942, and it was not until the following November 3 that it was set, that is, when the statutory period had already expired. We are aware of the reasons that the court had for acting thus. But in our judgment they are not sufficient.

We do not need to consider whether there is any ground for the reason given as to the Saturday. The question has not been sufficiently discussed by the parties, and it is important. It should not be decided without a close examination of the same. Therefore it is left open.

Disregarding Saturday and Sunday, the term would have then expired on Monday, November 2, and it was not until the 3d that the case was set, it being later set aside because no notices were served on the defendant and on the witnesses, the dismissal therefore being then sought.

The excess given for the noncompliance with the statutory provision is inadmissible. The mere statement of the judge that he was absent from the judicial district, without more, can not be accepted. The judge had an opportunity to give

an explanation in his own resolution setting forth the reasons for his absence and thus enabling us to decide whether or not the same was justified, but he failed to do so.

For the reasons stated *we feel bound to admit that the* nullity of the orders issued on November 25, 1942, is evident according to the facts, the law, and the decisions, and therefore the same are hereby annulled and the dismissal sought ordered.